UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>            Plaintiff,<br><br>      v.<br><br>M.E. SPEARMAN, et al.,<br><br>            Defendants. | Case No.: 1:13-cv-00246-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTIONS FOR PRELIMIMARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>[ECF Nos. 15, 16] |

Plaintiff Brady K. Armstrong is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motions for a preliminary injunction and/or temporary restraining order, filed on July 8, 2013, and July 10, 2013.

In the July 8, 2013, motion, Plaintiff seeks an order preventing prison officials from retaliating against him by falsifying rules violation report, denying him adequate medical opinions and treatment, poising his food, placement in inadequate housing conditions resulting in illegal searches.  Plaintiff seeks an order to stop the retaliation, transfer to a different location, and provide adequate medical treatment.

In the July 10, 2013, motion, Plaintiff seeks an order preventing the Warden at SATF to "scrutinizing" Plaintiff's legal motions submitted to this Court.

1

# I.

# DISCUSSION

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969. Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Here, Plaintiff's request for an injunction must be denied because it challenges conduct that is not a subject of this action and involves individuals who are not named in this action. Plaintiff's motion for preliminary injunction does not show serious questions going to the merits of this action because it relates solely to entirely different events. In an order issued concurrently herewith, the Court has screened the complaint and found it states a cognizable claim for excessive force against Defendants M.E. Spearman and A. Desfosses, based on a single incident involving the use of physical force on November 19, 2010. Plaintiff now seeks an order involving incidents of unrelated conduct.

Because an order would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff. The Court cannot issue an order against individuals who are not parties based on unrelated claims to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); see also Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it

has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Consequently, the case-or-controversy requirement cannot be met, and the pendency of this action provides no basis upon which to award Plaintiff injunctive relief. Accordingly, Plaintiff's motions for injunctive relief should be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions for a preliminary injunction be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **November 27, 2013**

UNITED STATES MAGISTRATE JUDGE