1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    BRADY K. ARMSTRONG,                )    Case No.: 1:13-cv-00246-AWI-SAB (PC)
                                          )
12                     Plaintiff,         )
                                          )    FINDINGS AND RECOMMENDATIONS
13           v.                           )    REGARDING DEFENDANTS' MOTION TO
                                          )    DISMISS AND PLAINTIFF'S MOTION TO
14    M.E. SPEARMAN, et al.,              )    AMEND
                                          )
15                     Defendants.        )    [ECF Nos. 28, 32]
                                          )
16    _____ )

17          Plaintiff Brady K. Armstrong is appearing pro se and in forma pauperis in this civil rights

18    action pursuant to 42 U.S.C. § 1983.

19                                        **I.**

20                          **PROCEDURAL HISTORY**

21          Now pending before the Court is Defendants Spearman and Desfosses motion to dismiss the

22    action for failure to exhaust the administrative remedies and for failure to state a cognizable claim for

23    relief, filed March 10, 2014.

24          On April 7, 2014, Plaintiff filed a motion to amend, and a copy of his first amended complaint

25    was lodged with the Court.  Plaintiff filed an opposition to Defendants' motion on April 21, 2014, and

26    Defendants filed a reply on April 22, 2014.

27          This action is proceeding on Plaintiff's original complaint filed on February 19, 2013, against

28    Defendants Spearman and Desfosses for use of excessive force in violation of the Eighth Amendment.

                                          1

## II.

## DISCUSSION

### A.    Unenumerated 12(b) Motion for Failure to Exhaust Administrative Remedies

On March 10, 2014, Defendants filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies.  42 U.S.C. §1997e(a); Fed. R. Civ. P. 12(b).

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for failing the issue of administrative exhaustion.  Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc).  Following the decision in Albino, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment.  Albino, 2014 WL 1317141, at *4 (quotation marks omitted).  An unenumerated Rule 12(b) motion is no longer the proper procedural devise for raising the issue of exhaustion.  Id.  Accordingly, the Court will deny Defendants' unenumerated Rule 12(b) motion, without prejudice, on procedural grounds, and grant them thirty days from the date of service of this order within which to file a further responsive pleading or motion.

### B.    12(b)(6) Motion Failure to State Cognizable Claim for Relief

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

(2007)) (quotation marks omitted); <u>Conservation Force</u>, 646 F.3d at 1242; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, <u>Daniels-Hall</u>, 629 F.3d at 998; <u>Sanders</u>, 504 F.3d at 910; <u>Morales v. City of Los Angeles</u>, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012); <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012); <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101 (9th Cir. 2011); <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010).

       1.    <u>Statutory Screening Requirement</u>

The Court is required to screen complaint brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and it must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that Plaintiff stated a cognizable claim under the Eighth Amendment against both Defendants Spearman and Desfosses.  (ECF No. 17.)  Because the screening standard does not differ from the standard governing Rule 12(b)(6) motions, <u>Watison v. Carter</u>, 668 F.3d  1108, 1112 (9th Cir. 2012), the Court generally views motions to dismiss for failure to state a claim with disfavor.  Unless a motion sets forth new or different grounds not previously considered by the Court, it is disinclined to rethink what it has already thought.  <u>Sequoia Forestkeeper v. U.S. Forest Service</u>, No. CV F 09-00392-LJO-JLT, 2011 WL 902120, at *6 (E.D. Cal. Mar. 15, 2011) (citing <u>United States v. Rezzonico</u>, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation marks omitted).  This case presents no exception and denies both sides the ability to have their rights adjudicated earlier.  As a result, two judicial officers, both the undersigned and U.S. District Judge Lawrence O'Neill through a findings and recommendation review, must review issues which were addressed in the screening order.  The Defendants are advised not to file a motion for the sake of filing a motion, as the resources of this court are limited.  Because

exhaustion was part of this motion and appropriate to bring at the time the motion was filed, an order to show cause will not be issued.

> ### 2.   Defendants Spearman and Desfosses

Defendants argue that Plaintiff fails to state a cognizable claim against Defendant Spearman for failure to protect and against Defendant Desfosses for use of foul and abusive language.

In the original complaint, Plaintiff contends that on or about November 19, 2010, Plaintiff suffered the severe pain of his left index finger by Defendant Desfosses intentional act of forcibly slamming the gym door on Plaintiff's left hand causing severe pain.  Prior to the use of force by Defendant Desfosses, Plaintiff was in a conversation with Defendant Warden Spearman concerning the actions of prison guards when Defendant Desfosses approached Plaintiff calling him a "Nappy headed mother fucker" and other derogatory names.  Defendant Spearman failed to stop or intervene in Defendant Desfosses actions.  The pleading stage presents a "low threshold," Wilhelm v. Rotman, 680 F.3d at 1121, and Plaintiff is entitled to have his pleading liberally construed and to have any doubt resolved in his favor.  Id. at 1123.  The Court finds Plaintiff's original complaint has sufficiently set forth a claim of failure to intercede by Defendant Spearman and an excessive force claim against Defendant Desfosses.[1]   The fact that Plaintiff may have inartfully crafted and/or set forth the legal basis to support such his claim does not warrant dismissal of the complaint as the Court is required to construe Plaintiff's pro se pleadings liberally.  Pouncil v. Tilton, 704 F.3d 568, 574-75 (9th Cir. 2012).  Accordingly, the Court will recommend that Defendants' motion to dismiss for failure to state a cognizable claim be denied.

> ## C.   Motion to File Amended Complaint

Rule 15 of the Federal Rules of Civil Procedure advises that leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2); AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need

---

[1] Although the mere use of foul and abusive language, alone, does not state a cognizable claim for relief, Plaintiff has alleged more by way of the use of force by Defendant Desfosses. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.)

not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

     Defendants oppose Plaintiff's motion to amend on the ground that the claims to state a claim for relief and amendment is therefore futile.  Defendants submit that Plaintiff's proposed amendments effectively re-stylize their existing allegations against Defendant Desfosses without adding sufficient legal grounds for allowing them.  Additionally, Plaintiff's new allegations propose two new causes of action: (1) a Fourteenth Amendment Equal Protection violation; and (2) a First Amendment Retaliation claim.

     Based on the analysis set forth below, the Court will recommend to grant in part and deny in part Plaintiff's motion to amend and will simultaneously screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a).  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

     A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

     Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

5

higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

1.      Defendant Desfosses Use of Abusive Language

Defendants correctly point out that in the original complaint, Plaintiff alleged Defendant Desfosses called Plaintiff a "nappy headed mother fucking 'mother fucker" and other derogatory names," including the use of "foul, indecent language, likely to produce violence[.]"  Defendants argue that Plaintiff's proposed amendment now includes Defendant Desfosses stating that he hated Plaintiff and threatened to kill him.  Plaintiff also alleges that Defendant Desfosses called Plaintiff a "nappy headed nigger[.]"

Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Threats do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Defendants correctly argue that Plaintiff's attempt to amend the complaint to add only further claims of verbal threats and/or comments, such amendment fails to state a claim and is futile. Accordingly, this claim must be dismissed.

2.      Summary Judgment Regarding Exhaustion of Administrative Remedies

Defendants submit that in his original complaint, Plaintiff alleges that Defendant Desfosses "intentionally [force slammed]" Plaintiff's left hand into the C Facility Gym door at PVSP, causing "severe pain."  Plaintiff's proposed amendment now includes the allegation that when Defendant Desfosses slammed the gym door on Plaintiff's left hand, the door also hit him in his back and made him hit the wall.  Plaintiff then alleges he timely submitted a 602 inmate appeal form ("602 Form"), and that it was properly exhausted.

6

1   Defendants will seek dismissal for lack of exhaustion as to this amendment, when and if they,

2   re-file an appropriate motion in light of intervening case authority.

3       3.      Defendant Desfosses Fourth Amendment Violation

4       In his prayer for relief, Plaintiff alleges that Defendant Desfossses violated his Fourteenth

5   Amendment right to equal protection revolving around some sort of interference with his right "to 'do'

6   file grievance(s) complaining of events violating Constitutional Rights and or assisting other inmates

7   with filing/preparing their CDC-602(s) grievances."

8       The Equal Protection Clause requires that persons who are similarly situated be treated alike.

9   City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann

10  v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705

11  F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a

12  claim, Plaintiff must show that Defendants intentionally discriminated against him based on his

13  membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v.

14  Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.

15  2001).

16      "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of

17  life, liberty, or property; and those who seek to invoke its procedural protection must establish that one

18  of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).

19  Plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he

20  cannot pursue a claim for denial of due process with respect to the handling or resolution of his

21  appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639,

22  640 (9th Cir. 1988)).

23      Plaintiff's amended complaint is devoid of any facts to support an equal protection violation

24  based on the alleged processing and/or failure to process his inmate appeals.  Accordingly, this

25  proposed amendment is futile and this claim should be dismissed.

26  //

27  //

28  //

7

4.      Defendant Desfosses First Amendment Violation

In the amended complaint, Plaintiff alleges that Defendant Desfosses violated his First Amendment rights when Defendant Desfosses retaliated against him for filing prison grievances by yelling, threatening, and calling Plaintiff racial epithets.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Amendments seeking to add claims are to be granted more freely than amendments adding parties. Union Pacific R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

In the amended complaint, Plaintiff alleges that Defendant Desfosses interrupted a conversation between Plaintiff and Defendant Spearman.  The conversation involved prior incidents of C-Facility corrections officials intentionally calling African-American inmates derogatory names, and using excessive force against them.  Defendant Desfosses arrived and began calling Plaintiff racial epithets for the purpose of retaliating against him because at some point in the past, Defendant Desfosses threatened to "beat the black-off Plaintiff for writing –up his friends/Co-worker(s)[.]" Plaintiff alleges that the prior incident was the topic of the conversation between him and Defendant Spearman.  Defendant Desfosses then stated he hated Plaintiff, would kill him, and slammed the gym door onto his hand and back.  In his prayer for relief, Plaintiff alleges that his First Amendment claim is based on Defendant Desfosses' retaliation against him for filing prison grievances as well as helping other inmates with filing and/or preparing 602 forms.

Defendants object to amendment of this claim and contend it is inconsistent with the facts set forth in the original complaint.  The Court does not agree with Defendants that leave to amend to add

8

this claim should be denied as futile based on failure to state a cognizable claim or as inconsistent with the original complaint.  The Court will grant amendment and addition of Plaintiff's retaliation claim and finds it states a cognizable claim.  As in the original complaint, Plaintiff contends that he was having a conversation with Defendant Spearman regarding incidents of misconduct by prison officials and Defendant Desfosses subsequently assaulted Plaintiff in Defendant Spearman's presence.  Plaintiff contends Defendant Desfosses actions were in retaliation of Plaintiff having filed prison grievances against other prison officials.  Plaintiff's claim of retaliation provides a basis for Defendants' actions, and Plaintiff states a cognizable claim for retaliation.  Accordingly, the Court recommends to grant amendment of this claim and allow Plaintiff to proceed on a claim of retaliation.

    5.    Defendant Spearman Official Capacity Suit Barred by Eleventh Amendment

        In the amended complaint, Plaintiff attempts to bring this action against Defendant Spearman in his individual and official capacity.  The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

        "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law."  Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060-61 (9th Cir. 2009).  Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit.  Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

        Because Plaintiff is barred from suing Defendant Spearman for monetary damages by the Eleventh Amendment, any amendment of this claim must be denied as futile and this claim should be dismissed from the amended complaint.

    6.    Defendant Spearman Eighth Amendment Violation

        In the amended complaint, Plaintiff alleges that Defendant Spearman failed to protect him from Defendant Desfosses "via intentionally failing/refusing to STOP DEFENDANT Desfosses

9

OUTRAGIOUS [sic] BEHAVIOR which lead to injuring the Plaintiff and or subjecting severe pain upon the person of Plaintiff said."

Defendants argue the mere allegation that Defendant Spearman "intentionally" failed to stop Defendant Desfosses in committing an alleged constitutional violation is vague and conclusory and fails to state a claim for relief.

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." United States v. Koon, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81 (1996). "[O]fficers can be held liable for failing to intercede only if they had an opportunity to intercede." Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (holding officers did not have a "realistic opportunity" to intervene because they were not present at the time of the shooting). Liability for failure to intervene may extend to officers who did not take any affirmative action to contribute to the excessive force. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). For instance, in Lolli v. Cnty of Orange, 351 F.3d 410, 417 (9th Cir. 2003), a sergeant "admitted that he observed the deputies struggling with Lolli, but he did not become involved or give orders." 351 F.3d at 418. The Ninth Circuit held that the sergeant was not entitled to summary judgment because the evidence could support a claim that he failed to intervene.

The Court finds as with Plaintiff's original complaint, the amended complaint, sets forth sufficient factual allegations to support a claim for failure to intercede against Defendant Spearman, at the pleading stage of the action. To the extent that Plaintiff's claim may ultimately be proven to lack merit that is an issue for the evidentiary stage in this litigation.

       7.    Injury at High Desert State Prison

In the amended complaint, Plaintiff makes reference to the fact that he previously injured his hand and/or finger in 2004 at High Desert State Prison, when he fell out of a wheelchair, and his hands and feet were shackled. Plaintiff references a previously filed action in this Court in, Brady Armstrong v. Young, et al., 2:12-cv-00123-TLN-KJN-P. The fact that Plaintiff is attempting to incorporate references and facts presented in another pleading or motion in a different case is irrelevant to this action, improper, and amendment is futile. This portion of the complaint should be dismissed.

8.    <u>Lack of Jurisdiction to Grant Proposed Injunctive Relief</u>

In the prayer for relief section of the amended complaint, Plaintiff seeks injunctive relief and states "STOPPING ALL CDCR STATE EMPLOYEE(S) INVOLVED IN ANY OF Plaintiff's lawsuit(s) from communicating with one another via cel-phone [sic], radios,[] walkey talkey [sic] and or computer [sic], any other device which may be utilized to communicate causing retaliation/injury or harm upon Plaintiff."  (ECF No. 33, at 6.)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id.</u>  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff previously filed a request for injunctive relief in this action on July 18, 2013, and requested the same type of relief.  (ECF No. 15.)  The motion was denied by the Court for lack of jurisdiction. (ECF Nos. 18 & 27.)  In the prior motion, Plaintiff sought injunctive relief asking the Court to halt state-wide communication between CDCR state employees '"via' computer [sic], cellphone [sic] and or CDCR employees' large gathering/function(s)*holidays/picknicks/bar-b-ques, etc." (ECF No. 15, at 2) (internal capitalizations omitted).  In the amended complaint, Plaintiff seeks similar state-wide relief, but only as it pertains to any CDCR employee involved in any of his

contemporaneous lawsuits, so that no CDCR employee may retaliate or injure Plaintiff.  (ECF No. 33, at 6.)

Plaintiff's request for injunctive relief should be denied.  First, Plaintiff seeks relief against individuals who are not named in this action.  Second, Plaintiff does not attribute any specific act by these unnamed individuals that have not yet caused a violation of Plaintiff's constitutional rights, or what constitutional rights were already violated as a result of those action.  Thus, this Court lacks jurisdiction to issue the order sought by Plaintiff.  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter over the claim; it may not attempt to determine the rights of persons not before the court").  Lastly, Plaintiff's claim for relief is too vague and cannot meet the requirement under the PLRA that relief be narrowly tailored.  18 U.S.C. § 3626(a)(1)(A). Accordingly, leave to amend to add this claim of relief should be denied and the relief should be dismissed.

### III.

### RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1.      Defendants' unenumerated Rule 12(b) motion for failure to exhaust the administrative remedies be DENIED without prejudice;

2.      Defendants' motion to dismiss pursuant to Rule 12(b)(6) for failure to state a cognizable claim for relief be DENIED; and

3.      Plaintiff's motion to amend be granted in part and denied in part and the action proceed on Plaintiff's amended complaint based on the cognizable claims set forth in this order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 6, 2014**

_____
UNITED STATES MAGISTRATE JUDGE

13