1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 BRADY K. ARMSTRONG,                    ) Case No.: 1:13-cv-00246-AWI-SAB (PC)
                                         )
12             Plaintiff,                 )
                                         ) **FINDINGS AND RECOMMENDATION**
13      v.                               ) **REGARDING PLAINTIFF'S MOTION**
                                         ) **FOR RECONSIDERATION**
14 M.E. SPEARMAN, et al.,                )
                                         ) [ECF No. 45]
15             Defendants.               )
                                         )
16 _____      )

17      Plaintiff Brady K. Armstrong is appearing pro se and in forma pauperis in this civil rights

18 action pursuant to 42 U.S.C. § 1983.

19      On June 16, 2014, Plaintiff filed a motion for reconsideration of the Court's May 9, 2014,

20 order denying his request for an extension of time as unnecessary.  (ECF No. 40.)  Plaintiff contends

21 that prison officials have withheld his legal property after he paroled from the prison on April 18,

22 2014.  Plaintiff seeks a court order directing the return of his legal property.

23                                    **I.**

24                              **DISCUSSION**

25      The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d

26 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).

27 Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin

28 Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en

1

banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (citations omitted).  "Abstract injury is not enough."  Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. For each form of relief sought in federal court, Plaintiff must establish standing.  Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Additionally, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In this case, the Court's jurisdiction extends only over the parties to this action – Plaintiff and Correctional Officers Spearman and Desfosse – and Plaintiff's legal claim(s) at issue.  The Court lacks jurisdiction to issue orders remedying the present alleged interference withholding of Plaintiff's legal property and in no event may Plaintiff use this pending action as a springboard to obtain orders (1)

///

directed at anyone other than Defendants Spearman and Desfosse or (2) remedying any issue broader than Plaintiff's cognizable legal claim(s).[1]

## II.

## RECOMMENDATION

Accordingly, the Court lacks jurisdiction to issue the order sought by Plaintiff and it HEREBY RECOMMENDS that his motion for preliminary injunctive relief, filed on June 16, 2014, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __June 27, 2014__

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]  In addition, Plaintiff's allegations that his legal property has been improperly withheld does not state a cognizable claim.  "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); Knudson v. City of Ellensburg, 832 F.2d 1142, 149 (9th Cir. 1987). Plaintiff's allegations are reference facts that the taking and/or withholding of his property was unauthorized.

3