UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | ) Case No.: 1:13-cv-00246-AWI-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER TO SHOW CAUSE |
| M.E. SPEARMAN, et al., | ) |
| Defendants. | ) |

Plaintiff Brady K. Armstrong is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Because Plaintiff is no longer incarcerated, this action is proceeding pursuant to Local Rule 230(b).

On March 10, 2014, Defendants filed a motion to dismiss the original complaint. On April 7, 2014, Plaintiff filed a motion to amend his complaint.

On June 9, 2014, the undersigned issued Findings and Recommendations recommending to deny, without prejudice, Defendants' Rule 12(b) motion to dismiss for failure to exhaust the administrative remedies, deny Defendants' Rule 12(b)(6) motion to dismiss for failure to state a cognizable claim for relief, and grant in part and deny in part Plaintiff's motion to amend the complaint. The Findings and Recommendations were adopted in full on September 5, 2014.

On July 9, 2014, Defendants filed a motion to dismiss the first amended complaint, or in the alternative, motion for a more definite statement. On July 29, 2014, the Court set the matter for oral

argument on September 3, 2014, at 10:00 a.m. before the undersigned.  In that order, the Court advised Plaintiff that his opposition to the motion to dismiss was due on or before August 20, 2014, and Defendants reply was due on or before August 27, 2014.  (ECF No. 48, at 2; Local Rule 230(b).)

Plaintiff did not file an opposition to Defendants' motion to dismiss.  Therefore, on August 29, 2014, given Plaintiff's noncompliance with the Court's July 20, 2014, order, the Court vacated the September 3, 2014, hearing date, and the matter was taken under submission.

In light of the fact that Plaintiff failed to file an opposition and Plaintiff has not been in communication with the Court, Plaintiff shall be directed why the action should not be dismissed for failure to prosecute.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action).  Plaintiff's inaction hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.  Plaintiff is warned that the failure to comply with this order will result in dismissal of the action for failure to prosecute.

Accordingly,

IT IS HEREBY ORDERED that within **twenty (20)** days from the date of service of this order Plaintiff shall show cause why the action should not be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:  **September 10, 2014**

UNITED STATES MAGISTRATE JUDGE