UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M.E. SPEARMAN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-00246-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>[ECF No. 52] |

　　　　Plaintiff Brady K. Armstrong is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## BACKGROUND

　　　　On March 10, 2014, Defendants filed a motion to dismiss the original complaint. On April 7, 2014, Plaintiff filed a motion to amend his complaint.

　　　　On June 9, 2014, the undersigned issued Findings and Recommendations recommending to deny, without prejudice, Defendants' Rule 12(b) motion to dismiss for failure to exhaust the administrative remedies, deny Defendants' Rule 12(b)(6) motion to dismiss for failure to state a cognizable claim for relief, and grant in part and deny in part Plaintiff's motion to amend the complaint. The Findings and Recommendations were adopted in full on September 5, 2014.

1   On July 9, 2014, Defendants filed a motion to dismiss the first amended complaint, or in the alternative, motion for a more definite statement.  On July 29, 2014, the Court set the matter for oral argument on September 3, 2014, at 10:00 a.m. before the undersigned.  In that order, the Court advised Plaintiff that his opposition to the motion to dismiss was due on or before August 20, 2014, and Defendants reply was due on or before August 27, 2014.  (ECF No. 48, at 2; Local Rule 230(b).)

Plaintiff did not file an opposition to Defendants' motion to dismiss.  Therefore, on August 29, 2014, given Plaintiff's noncompliance with the Court's July 20, 2014, order, the Court vacated the September 3, 2014, hearing date.

On September 10, 2014, the Court issued an order to show cause why the action should not be dismissed based on Plaintiff's failure to prosecute the case.  (ECF No. 52.)

Despite having requested and received two extensions of time to, Plaintiff has failed to respond to the Court's September 10, 2014, order to show cause.  In fact, the November 14, 2014, order granting Plaintiff's second request to extend the time to respond was returned to the Court as undeliverable.[1]

## II.

## DISCUSSION

In light of the fact that Plaintiff has repeatedly failed to comply with court orders and has not been in communication with the Court, the instant action should be dismissed.  "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord* Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not

---

[1] Service at a party's address of record is fully effective.  Local Rule 182(f).

conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

This case has been pending since 2013, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. Further, the opposing party is necessarily prejudiced when he is unaware of the plaintiff's location during the discovery phase of the litigation. Id. With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. at 1228. Finally, given the Court's and Defendants' inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. In re PPA, 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441. Plaintiff's inaction hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. Plaintiff has been warned previously that his failure to comply with this order will result in dismissal of the action for failure to prosecute. (ECF No. 52.)

### III.

### RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that the instant action be DISMISSED, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the

///
///
///
///
///

specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 12, 2014**

UNITED STATES MAGISTRATE JUDGE