UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>   Plaintiff,<br><br>  v.<br><br>M.E. SPEARMAN, et al.,<br><br>   Defendants. | Case No.: 1:13-cv-00246-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT<br><br>[ECF No. 47] |

Plaintiff Brady K. Armstrong is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Because Plaintiff is no longer incarcerated, this action is proceeding pursuant to Local Rule 230(b).

**I.**

**BACKGROUND**

On March 10, 2014, Defendants filed a motion to dismiss the original complaint. On April 7, 2014, Plaintiff filed a motion to amend his complaint.

On June 9, 2014, the undersigned issued Findings and Recommendations recommending to deny, without prejudice, Defendants' Rule 12(b) motion to dismiss for failure to exhaust the administrative remedies, deny Defendants' Rule 12(b)(6) motion to dismiss for failure to state a cognizable claim for relief, and grant in part and deny in part Plaintiff's motion to amend the complaint. The Findings and Recommendations were adopted in full on September 5, 2014.

1    On July 9, 2014, Defendants filed a motion to dismiss the first amended complaint, or in the
2 alternative, motion for a more definite statement.  On July 29, 2014, the Court set the matter for oral
3 argument on September 3, 2014, at 10:00 a.m. before the undersigned.  In that order, the Court advised
4 Plaintiff that his opposition to the motion to dismiss was due on or before August 20, 2014, and
5 Defendants reply was due on or before August 27, 2014.  (ECF No. 48, at 2; Local Rule 230(b).)
6    Plaintiff did not file an opposition to Defendants' motion to dismiss.  Therefore, on August 29,
7 2014, given Plaintiff's noncompliance with the Court's July 20, 2014, order, the Court vacated the
8 September 3, 2014, hearing date, and the matter was taken under submission for issuance of Findings
9 and Recommendations.

10   **A.    Plaintiff's Failure to Comply With Court Orders**

11   Plaintiff has repeatedly failed to comply with court orders to file pleadings in this case.  The
12 Court has ordered Plaintiff to file several documents, and as evidenced by the extensive procedural
13 history in this case Plaintiff has repeatedly requested extensions of time to comply to file such
14 documents, to no avail.  To that end, on September 10, 2014, the Court issued an order to show cause
15 why the action should not be dismissed for failure to prosecute.  (ECF No. 52.)  Thereafter, Plaintiff
16 filed two motions to extend the time to file a response.  (ECF Nos. 53, 57.)  The Court granted
17 Plaintiff's motions.  (ECF Nos. 54, 58.)  On November 14, 2014, the Court's November 14, 2014,
18 granting Plaintiff's second request to extend the time to respond was returned to the Court as
19 undeliverable.  Accordingly, on December 12, 2014, the undersigned issued a Findings and
20 Recommendation to dismiss the action for failure to comply with a court order.  (ECF No. 59.)  On
21 January 8, 2015, Plaintiff filed a motion to extend the time to file objections to the Findings and
22 Recommendation.  (ECF No. 60.)  In a separate order, the Court has vacated the Findings and
23 Recommendation to dismiss the action.
24   Although Plaintiff has yet to file an opposition to Defendants' motion to dismiss, after a review
25 of the motion, the Court finds that Plaintiff will not be prejudiced by the lack of filing an opposition,
26 and the Court will not postpone consideration of Defendants' motion for an indefinite time period of
27 time for Plaintiff to file an opposition.  However, the Court does not condone Plaintiff's conduct and
28 this does not mean that Plaintiff will be extended such exceptions in future proceedings in this case.

Plaintiff's repeated failure to comply with court orders can and will result in the imposition of sanctions, which may include dismissal of the action. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (the court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.)  The Court recognizes the circumstances Plaintiff may be experiencing, however, the Court has an obligation to ensure the expeditious resolution of this action.  Instead of completing the numerous requests for extension of time, the Plaintiff should put his efforts into completing the document for which he seeks the extension.  This is a more prudent course of action and the Court can only infer by this Plaintiff's repeated failure to comply that he does not wish to pursue his case in good faith. Therefore, Plaintiff's repeated noncompliance with court orders, despite repeated warning that the failure to comply with court orders may result in dismissal of the action, significantly impacts the Court's ability to manage its docket and will result in prejudice to defendants.  Plaintiff is hereby forewarned that future noncompliance with court orders and/or failure to meet deadlines will result in imposition of sanctions, including dismissal of the action.

## II.

## DISCUSSION

### A.     Motion to Dismiss Standard  Under Rule 12(b)(6)

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret

3

1  Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and
2  draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998;
3  Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in
4  this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any
5  doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v.
6  Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011);
7  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### B.   Allegations of First Amended Complaint

On November 19, 2010, Plaintiff suffered excruciating and severe pain by Defendant A. Desfosses who yelled, "I hate you kill you [sic] while slamming the 'C' Facility GYM-Door onto Plaintiff, and causing said severe pain/injury hitting Plaintiff's hand and knocking [him] into the said GYM [sic] extremely with force, via also hitting Plaintiff's back and back of Plaintiff's said left hand index finger. . ." (ECF No. 44, 1st Amd. Compl. at 3-4.) (emphasis in original omitted).

On November 19, 2010, as Plaintiff and other inmates were complaining to the Warden about prison officials intentionally calling African American inmates derogatory names and assaulting said inmates without cause, Defendant Desfosses approached them and called Plaintiff derogatory racial epithets.  Desfosses then violently and forcefully interrupted the conversation and began using foul and abusive language, including racial epithets toward Plaintiff.  Defendant Desfosses forced Plaintiff to the Facility C gym, where he slammed the gym door onto Plaintiff's hand and back, saying that he hated Plaintiff and would kill him.  The door hit Plaintiff hard enough to knock him into the gym. Desfosses had previously threatened to "beat the black-off Plaintiff for writing-up friends/[c]o-worker(s) in the past."

### C.   Retaliation Claim Against Defendant Desfosses

Defendant Desfosses argues that Plaintiff does not state a cognizable claim for retaliation because he has failed to allege a "chilling effect" on his First Amendment rights.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Also protected by the First Amendment is the

4

right to pursue civil rights litigation in federal court without retaliation.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Amendments seeking to add claims are to be granted more freely than amendments adding parties.  Union Pacific R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

The injury suffered must be such that it "would chill a person of ordinary firmness" from engaging in the protected activity.  Watison v. Carter, 668 F.3d at 1114 (citing Rhodes v. Robinson, 408 F.3d at 568); see also Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).  In the prison context, Ninth Circuit cases find sufficient adverse action in situations where the action taken by the defendant was clearly adverse to the plaintiff.  Rhodes v. Robinson, 408 F.3d at 568 (officers confiscated, withheld, and destroyed property, threatened to transfer the inmate, and assaulted him in retaliation for filing grievances); Brodheim v. Cry, 584 F.3d at 1269 (noting that a "plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm"); Watison v. Carter, 668 F.3d at 1114 (same); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled a snitch and approached by other inmates and threatened with harm as a result; Rizzo v. Dawson, 778 F.2d 527, 530-532 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison).

In this instance, Plaintiff alleges that he was assaulted by Defendant Desfosses in retaliation for informing Warden Spearman about prior incidents of verbal and physical abuse by prison officials.  Plaintiff indicates that he informed a hearing officer of the incident, and after surgery in 2013, filed an inmate grievance regarding the incident thereafter.  The fact that Plaintiff alleges he was initially assaulted by Defendant Desfosses for exercising his First Amendment right in communicating his complaints to the Warden regarding the alleged unlawful actions, is a sufficient basis to allege a cognizable claim for retaliation based on the November 19, 2010, assault.  The fact that Plaintiff

5

informed a hearing officer and later filed a grievance does not negate the fact that Defendant Desfosses actions in assaulting Plaintiff on November 19, 2010, had a "chilling effect" upon his First Amendment right to file grievances. Plaintiff pleads actual harm resulting to him from the retaliatory action, i.e. physical injury, including severe pain and a knot/lump which required surgery. (1st Amd. Compl. at 6.) Accordingly, Defendant Desfosses' motion to dismiss this claim for failure to state a cognizable claim for relief should be denied.

### D. Failure to Protect Claim Against Defendant Spearman

Defendant Spearman argues that "Plaintiff's first amended complaint does not allege that Defendant Spearman knew Defendant Desfosses was going to physically harm Plaintiff, and then actually drew an inference that Defendant Desfosses would slam Plaintiff's hand into the gym door."

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." United States v. Koon, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81 (1996). "[O]fficers can be held liable for failing to intercede only if they had an opportunity to intercede." Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (holding officers did not have a "realistic opportunity" to intervene because they were not present at the time of the shooting). Liability for failure to intervene may extend to officers who did not take any affirmative action to contribute to the excessive force. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). For instance, in Lolli v. Cnty of Orange, 351 F.3d 410, 417 (9th Cir. 2003), a sergeant "admitted that he observed the deputies struggling with Lolli, but he did not become involved or give orders." 351 F.3d at 418. The Ninth Circuit held that the sergeant was not entitled to summary judgment because the evidence could support a claim that he failed to intervene.

Based on the allegations in the first amended complaint construed liberally, as this Court must, there is sufficient factual allegations to support the claim that Defendant Spearman had reason to know that Defendant Desfosses was a threat to Plaintiff's safety (based on previous incidents coupled with present verbal/physical threats), and could have potentially intervened in time to prevent the subsequent physical assault. The questions of when each officer arrived, what Defendant Spearman witnessed, whether there was a violation of Plaintiff's constitutional rights, and whether Defendant Spearman either failed to intervene in, or was an integral participant in the violation of Plaintiff's

rights are questions that cannot be resolved at this stage of the proceedings, i.e. motion dismiss under Rule 12(b)(b) for failure to state a cognizable claim for relief.

### E. Motion for More Definite Statement Under Rule 12(e)

Defendant Desfosses argues that Plaintiff fails to allege whether his conduct chilled his First Amendment right to either speak about prison abuses, or file inmate grievances. Specifically, Defendant contends it is unclear whether Plaintiff is clarifying his excessive force claim, or actually stating a First Amendment retaliation claim.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Generally, a more definite statement is required "only when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Margarita Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999) (internal quotations and citations omitted). However, courts disfavor 12(e) motions since pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim. Griffin v. Cedar Fair, L.P., 817 F.Supp.2d 1152, 1154 (N.D. Cal. 2011). "A motion for more definite statement pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and therefore, a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." Beery v. Hitachi Home Elecs. (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).

The Court does not agree with Defendant Desfosses' characterization of Plaintiff's claims in amended complaint. Plaintiff's amended complaint alleges that on November 19, 2010, Defendant Desfosses used excessive force in retaliation for Plaintiff's complaints to Defendant Spearman regarding prior incidents involving prison officials misconduct, including Defendant Desfosses. In addition, for the reasons explained above in section C, the Court rejects Defendant Desfosses' argument that Plaintiff has not alleged a sufficient chilling effect that Defendant Desfosses' conduct had on Plaintiff's protected activities. As to the chilling effect, the Court concludes for the reasons discussed above that Plaintiff's allegations relating to the non-minimal adverse actions he suffered

(use of excessive force resulting in injury) is sufficient to demonstrate the required chilling effect. Accordingly, Defendant Desfosses' motion for a more definite statement should be denied.

### III.
### RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss under Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure be DENIED in all respects.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 13, 2015**  

UNITED STATES MAGISTRATE JUDGE

8