UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>    Plaintiff,<br><br>    v.<br><br>M.E. SPEARMAN, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00246-AWI-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND GRANTING REQUEST FOR REASONABLE EXPENSES, BUT STAYING ENFORCEMENT OF FEE ASSESSMENT<br><br>[ECF No. 70] |

Plaintiff Brady K. Armstrong is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 8, 2015, Defendants filed a motion to compel. (ECF No. 70.) Plaintiff is out of custody, and Defendants noticed their motion for hearing on July 8, 2015, at 10:00 a.m. before the undersigned. Pursuant to Local Rule 230(c), any opposition to the motion must be filed and served not less than fourteen (14) days preceding the noticed hearing date, i.e. June 24, 2015. Plaintiff did not file an opposition, and the Court vacated the July 8, 2015, hearing date. (ECF No. 71.) Because the time for filing an opposition has expired, the motion is now deemed submitted for review.

This action is proceeding against Defendants Desfosses and Spearman for excessive force in violation of the Eighth Amendment, and against Defendant Desfosses for retaliation in violation of the First Amendment.

///

1

# I.

# DISCUSSION

### A. Legal Standard

The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### B. Motion to Compel

On March 25, 2015, the Court issued the discovery and scheduling order. (ECF No. 68.) On March 26, 2015, the Court extended the time to file an exhaustion motion to June 22, 2015. (ECF No.

69.) Pursuant to the discovery and scheduling order, Plaintiff has forty-five days to respond to any discovery served. (ECF No. 68.)

Defendants submit that on March 30, 2015, Defendant Spearman served Plaintiff with his First Set of Interrogatories pertaining to Plaintiff's efforts, if any, to exhaust his administrative remedies regarding the claims raised in the First Amended Complaint. (Rhoan Decl. ¶ 2.) On April 13, 2015, Defendant Spearman also served Plaintiff with his First Set of Requests for Admissions which also pertained to Plaintiff's efforts to exhaust his administrative remedies, including requesting verification of inmate appeals documents. (Id. at ¶ 3.) Defendants submit that Plaintiff was served by mail at the address of record, 12036 Bartlett Avenue, Suite F, Adelanto, California 92301. (Id. at ¶ 4.) The discovery requests were never returned to Defendants and there is no evidence that Plaintiff did not receive the served discovery requests.

Accordingly, Plaintiff had forty-five days to respond to the discovery requests plus three extra days provided by Federal Rule of Civil Procedure 6(d). Thus, Plaintiff's responses to Defendant Spearman's interrogatories and admissions were due on or before May 18, 2015, and June 1, 2015, respectively.[1] (Rhoan Decl. ¶ 5.) Plaintiff did not request additional time to respond to Defendants' discovery requests, and as of today's date, Defendants have not received any response to the outstanding discovery. (Id. ¶ 6.)

Defendants timely filed their motion to compel the discovery sought in relation to Plaintiff's efforts to exhaust the administrative remedies (see Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014), and because Plaintiff failed to respond to Defendants' discovery requests, Defendants' motion to compel must be GRANTED. Plaintiff will be directed to file a response to Defendant Spearman's request for interrogatories or suffer dismissal of the action for failure to prosecute. Local Rule 110. Plaintiff is again reminded that failure to comply with this order will result in the sanction of dismissal of the action. Ferdik v. Bonzelet, 963 F.2d 1258, 1262-1263 (9th Cir. 1992); see also Carey v. King,

---

[1] Defendants clarify that they are not moving to compel Plaintiff's responses to the requests for admission. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, these requests were deemed admitted as a matter of law when Plaintiff failed to timely respond. Fed. R. Civ. P. 36(a)(3); Nieto v. Hodge, Case No. 1:10-cv-01397-AWI-JLT (PC), 2012 WL 4833398, *2 n.1 (E.D. Cal. Oct. 10, 2012) (citing Diggs v. Keller, 181 F.R.D. 468 (D. Nev. 1998). Defendants submit that because Plaintiff is proceeding pro se, Defendants' Requests for Admissions provided Plaintiff notice of the consequences of his failure to timely respond as outlined in Nieto and Diggs.

3

856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of change of address).

### C. Request for Attorneys' Fees

Defendants move for reasonable expenses, including attorneys' fees for Plaintiff's failure to respond to the outstanding discovery requests.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court may award reasonable expenses, including attorneys' fees and costs, for bringing this motion to compel, if the requested discovery is not provided after this motion has been filed. Fed. R. Civ. P. 37(a)(5).

Defendants submit that they "have been prejudiced by Plaintiff's unwillingness to respond to their interrogatories. Not only are Defendants' defense hampered by Plaintiff's failure to provide information about his exhaustion efforts, but Defendants have also been prejudiced because of the time that has been spent addressing this issue and the time that has elapsed before the deadline to file motions for summary judgment for exhaustion of administrative remedies. Defense counsel has propounded relevant, written discovery regarding Plaintiff's attempts to exhaust his administrative remedies, and then prepared a motion to compel and declarations in support thereof, instead of preparing a motion for summary judgment. Meanwhile, the exhaustion motion deadline will have passed by the time the Court addresses Defendants' motion to compel. [¶] Defendants, thus far, seek $977.50 in fees and costs to bring this motion to compel. (Rhoan Decl. ¶ 9.) Allowing Plaintiff to avoid payment of Defendants' expenses would be unjust." (ECF No. 70, Mot. at 6.)

In reaching a total of $977.50 in fees and costs, Deputy Attorney General, Erick Rhoan submits that he spent 5.75 hours drafting the instant motion to compel, the supporting declaration, and conducting legal research. (Rhoan Decl. ¶ 9.) Attorneys in the Office of the Attorney General bill at an hourly rate of $170.00, and Defendants therefore incurred $977.50 in attorneys' fees. (Id.)

Given Plaintiff's complete lack of response to Defendants' timely served discovery request, the Court finds that reasonable expenses of attorneys' fees in the amount of $977.50 should be assessed against Plaintiff. However, given that Plaintiff is proceeding in forma pauperis in this action and the Ninth Circuit has held that it is an abuse of discretion to order a sanction which cannot be performed,

the Court will stay enforcement of the fee assessment.  Thomas v. Gerber Prod., 703 F.2d 353, 357 (9th Cir. 1983).

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to compel is GRANTED;

2. Plaintiff shall respond to Defendant Spearman's request for interrogatories served March 30, 2015, no later than **July 20, 2015**;

3. Defendants' request for attorneys' fees in the amount of $977.50 is GRANTED;

4. The order assessing reasonable expenses in the amount of $977.50 is stayed; and

5. Plaintiff's failure to comply with this order will result in dismissal of the action for failure to prosecute.  Local Rule 110.

IT IS SO ORDERED.

Dated:   **June 29, 2015**

UNITED STATES MAGISTRATE JUDGE