UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>    Plaintiff,<br><br>    v.<br><br>M.E. SPEARMAN, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00246-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS<br><br>[ECF No. 73] |

    Plaintiff Brady K. Armstrong is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL HISTORY**

    On March 25, 2015, the Court issued the discovery and scheduling order, setting November 25, 2015, as the deadline for completion of all discovery. (ECF No. 68.) On March 30, 2015, Defendant Spearman served Plaintiff with his first set of interrogatories pertaining to Plaintiff's efforts, if any, to exhaust his administrative remedies regarding the claims raised in the first amended complaint. (ECF No. 70-1 at 2.) Plaintiff was served by mail at the address of record, 12036 Bartlett Avenue, Suite F, Adelanto, California 92301. (Id.) Pursuant to the discovery and scheduling order, Plaintiff's responses were due on or before May 18, 2015, but no responses were received by Defendant. (Id. at 3.)

On June 8, 2015, Defendants moved to compel Plaintiff's interrogatory responses. (ECF No. 70.)

On June 29, 2015, the Court granted Defendants' motion to compel and directed Plaintiff to serve his responses to Defendant Spearman's interrogatories no later than July 20, 2015. (ECF No. 72 at 5.) The Court also advised Plaintiff that his "failure to comply with this order will result in dismissal of the action for failure to prosecute." (Id, citing Local Rule 110.) To date, Plaintiff has not provided responses to Defendant Spearman's interrogatories. (ECF No. 73-1, Decl. of Erick J. Rhoan (Rhoan Decl.) ¶ 2.)

Now pending before the Court is Defendants' motion for terminating sanctions, filed July 24, 2015.[1] Plaintiff did not file an opposition, and the motion is deemed submitted for review. Local Rule 230(b)-(c).

## II.

## DISCUSSION

Defendants seek terminating sanctions for Plaintiff's failure to comply with discovery requests pursuant to Rule 37 of the Federal Rules of Civil Procedure, which "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983); see also Fed. R. Civ. P. 41(b); Local Rule 110.

Dispositive sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007). The Ninth Circuit has identified five factors that a court must consider when a party seeks terminating sanctions: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking terminating sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986);

---

[1] Because Plaintiff is out of custody, Defendants noticed the motion for oral argument on September 2, 2015, at 10:00a.m. After the time to file an opposition expired, the Court vacated the hearing date and took the motion under submission without oral argument. (ECF No. 74.)

1  Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 (9th Cir. 1988).  Where a court order is
2  violated, the first and second factors will favor sanctions and the fourth will cut against them.  Adriana
3  Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).
4        Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors
5  weigh in favor of dismissal of the action.  The first two factors strongly support dismissal.  The
6  public's interest in resolving this litigation weighs in favor of the issuance of terminating sanctions as
7  this case has been pending since February 2013.  See Yourish v. California Amplifier, 191 F.3d 983,
8  990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors
9  dismissal.")  Further, the Eastern District of California is one of the busiest federal jurisdictions in the
10 United States and its District Judges carry the heaviest caseloads in the nation, the Court's interest in
11 managing its docket weighs in favor of terminating the action.  See, e.g., Gonzales v. Mills, No. 1:09-
12 cv-1549 AWI DLB, 2011 WL 976713, at *5 (E.D. Cal. March 16, 2011).
13       Defendants have suffered prejudice due to Plaintiff's failure to respond to discovery requests.
14 The failure to obtain discovery information significantly impairs the Defendants' ability to go to trial
15 and to determine whether Plaintiff has adequately exhausted administrative remedies and to make
16 rightful and informed decisions as to whether this affirmative defense should be explored.  Plaintiff's
17 failure to respond to discovery has created an unreasonable delay, which in turns creates a
18 presumption of prejudice.  Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th
19 Cir. 2006). In addition, the additional efforts to obtain discovery responses required Defendants to
20 incur expenses that would not otherwise have been incurred had Plaintiff responsibility cooperated.
21       The fourth factor requires the Court to consider the availability and adequacy of less drastic
22 sanctions.  Defendants have served requests for interrogatories, and Plaintiff has been given ample
23 time to fully respond to them, seek an extension of time to respond, or explain why non-compliance is
24 not possible.  Plaintiff has not done any of these, and Defendants were forced to file a motion to
25 compel, which was granted and Plaintiff disobeyed the Court's order to respond to Defendant
26 Spearman's interrogatories.  "[A] case that is stalled or unreasonably delayed by a party's failure to
27 comply with deadlines and discovery obligations cannot move forward toward resolution on the
28 merits.  Thus, we have also recognized that this factor 'lends little support' to a party whose

responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." (PPA) Prods. Liab. Litig., 460 F.3d at 1228. Thus, the fourth factor weighs in favor of dismissal of the action.

Finally, with respect to less drastic alternatives, although the Court could issue a less drastic sanction, it would not make a difference in this case given Plaintiff's repeated failure to comply with the applicable rules and court orders. Plaintiff was granted ample time to comply with the Court's June 29, 2015, order granting Defendants' motion to compel, and the Court's order specifically advised Plaintiff that "failure to comply with this order will result in dismissal of the action for failure to prosecute." (ECF No. 72.) Furthermore, as noted by Defendants, the Court has repeatedly advised Plaintiff that he could not delay the progression of this case. See ECF Nos. 49 (vacating hearing date because Plaintiff failed to oppose Defendants' motion to dismiss and motion for definite statement); 52 at 2 (Court's order for Plaintiff to show cause why litigation should not be dismissed: "Plaintiff's inaction hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.") 53 (Plaintiff's first request for 60-90 day extension of time to show cause); 57 (Plaintiff's second request for an extension of time to show cause); 58 (Court's order granting the second request, but noting this case's "lengthy history of delay due to Plaintiff's failure to comply and/or respond to orders and filings in this case;" "Plaintiff's repeated inaction and/or requests to extend time to comply with orders have hindered the Court's ability to move this case toward disposition and indicates that Plaintiff may not be able to litigate this action diligently.") 59 (Findings and Recommendations initially recommending this case be dismissed because "Plaintiff has repeatedly failed to comply with court orders and has not been in communication with the Court[;]" and that "Plaintiff has been warned previously that his failure to comply with this order will result in dismissal of the action for failure to prosecute."); 60 (Plaintiff's third request for an extension of time); 61 at 2-3 (Findings and Recommendations denying Defendants' motion to dismiss and motion for a more definite statement, but opining that "the Court does not condone Plaintiff's conduct … Plaintiff's repeated failure to comply with court orders can and will result in the imposition of sanctions, which may include dismissal of the action;" and that "Plaintiff is hereby forewarned that future noncompliance with court orders and/or failure to meet

deadlines will result in imposition of sanctions, including dismissal of the action.").) As evidenced by the record in this case, it is apparent that Plaintiff has abandoned this litigation and it is reasonable to dismiss the action, in lieu of lesser sanctions (which have proven unsuccessful).

In sum, the five factors favor dismissal in this case. Plaintiff has ignored the Court's June 29, 2015, order (despite the warning of dismissal for failure to comply), as well as Defendant Spearman's interrogatories and previous motion to compel, and the Court can only conclude that Plaintiff has abandoned the litigation in this case and dismissal, with prejudice, is justified. Fed. R. Civ. P. 41(b); Pataglunan v. Galaza, 291 F.3d 639, 640-643 (9th Cir. 2002) (affirming district court's sua sponte dismissal of habeas corpus petition with prejudice "for failure to prosecute and failure to comply with a court order").

### III.

### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for terminating sanctions be GRANTED; and
2. This action be dismissed, with prejudice, for failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 20, 2015__

UNITED STATES MAGISTRATE JUDGE