UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.E. SPEARMAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00246-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br><br>[ECF Nos. 80, 81] |

　　　　On October 7, 2015, the instant action filed pursuant to 42 U.S.C. § 1983, was dismissed without prejudice for Plaintiff's failure to prosecute. (ECF Nos. 78, 79.)

　　　　On October 22, 2015, Plaintiff filed motion entitled "Answering Defendant(s) … Discovery With Memorandum of Points and Discoverie(s) [sic]." (ECF No. 80.) On November 12, 2015, Plaintiff filed a motion entitled "… Humbly Requesting Posthaste Stop Proceedings And Or Extrension [sic] Of Time Plaintiff Has Not Abandon Claim/Litigation Plaintiff Humbly Request Honorable Court For Six Months Extension of Time…" (ECF No. 81.)

　　　　Plaintiff's motions are largely incoherent and nonsensical. At one point in the October 22, 2015 motion Plaintiff states, "Plaintiff humbly request this honorable court to; posthaste reconsider its recom[m]endation to dismiss for plaintiff's clearly interrupted court litigations in this matter, and that plaintiff's ho[m]leesssness [sic] 'is' real and ugly." (Motion, at 2.) At another point in the motion, Plaintiff states he "suffers bias and prejudice 'via' defendants intentional taking fact(s) are clearly

1

written on all walls [sic], that defendants et al, defends … with their own discoveries, because of their intentional and unnecessary seizing plaintiff upon day of parole, thereby refusing to allow plaintiff to carry with plaintiff his legal cases, including this case[.]"  (Id.)

Although Plaintiff does not reference that he seeks reconsideration under Rule 60 of the Federal Rules of Civil Procedure, the Court construes his motions to be filed as such.

Reconsideration motions are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987).  A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent injustice and is to be utilized only where extraordinary circumstances exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).  The moving party must demonstrate both injury and circumstances beyond his control.  Harvest v. Castro, 531 F.3d at 749.  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff has not presented a basis for relief.  Plaintiff's case was dismissed, after Plaintiff repeatedly failed to comply with this Court's orders and other filing responsibilities.  Plaintiff reiterates his arguments, raised and considered prior to the order dismissing this action, that he was unable to timely prosecute this action because he is homeless and suffers from various medical issues. Plaintiff presents no new arguments warranting relief.  Plaintiff's claim that he was not served with documents is unfounded as all filings were properly served at the address of record.  See Local Rule 182(f) (absent a notice of address change, service of documents at prior address is fully effective). Plaintiff presents nothing more than his repeated arguments that he was unable to prosecute this action

because of his homeless and medical issues. Accordingly, Plaintiff's motions for reconsideration are DENIED.

This case is closed. Any further filings, other than any filings necessary to perfect appeal, will be disregarded.

IT IS SO ORDERED.

Dated:   December 4, 2015                    _____
                                                                      SENIOR DISTRICT JUDGE